# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA MCKENNA, an individual,<br><br>                      Plaintiff,<br>  vs.<br><br>SAN MIGUEL CONSOLIDATED FIRE PROTECTION DISTRICT; and DOES 1 through 10,<br><br>                      Defendants. | CASE NO. 10-CV-1500 H (AJB)<br><br>**ORDER GRANTING SAN MIGUEL CONSOLIDATED FIRE PROTECTION DISTRICT'S MOTION TO DISMISS** |

      On July 19, 2010, Plaintiff Theresa McKenna ("McKenna") brought this action against Defendants San Miguel Consolidated Fire Protection District ("Fire Protection District") and Does 1-10. (Doc. No. 1.) On August 6, 2010, Plaintiff McKenna filed a First Amended Complaint ("FAC"). (Doc. No. 4.) On September 9, 2010, Defendant Fire Protection District filed a motion to dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 8.) Defendant concurrently filed a request for judicial notice. (Doc. No. 9.) On September 28, 2010, Plaintiff filed their response in opposition to the motion to dismiss and a request for judicial notice. (Doc. No. 10.) On October 6, 2010, Defendant filed its reply and a request for judicial notice. (Doc. Nos. 14 & 15.) The Court held a telephonic hearing on this motion on October 22, 2010. Mark Mazzarella appeared on behalf of the Plaintiff. Kevin Osterberg appeared on behalf of Defendant Fire Protection District.

      For the reasons below, the Court GRANTS Defendant Fire Protection District's motion

to dismiss. The Court takes judicial notice of the documents provided by Defendant and Plaintiff to the extent those documents are properly subject to judicial notice.

## **Background**

Plaintiff McKenna brings an action against Defendant Fire Protection District alleging a § 1983 violation of her substantive and procedural due process rights and for negligence. The action centers around McKenna's application for subdivision of her property with the County of San Diego and her proposed fire protection plan.

McKenna owns a 16-acre residential lot located in east San Diego County, located at 13990 Jamacha Hills Road, Jamul, California, 91935. (FAC ¶ 8.) McKenna started the process of subdividing the property around April 2004 and submitted her initial Tentative Parcel Map ("TPM") application with the County of San Diego's Department of Planning and Land Use on September 20, 2005. (Id. ¶¶ 9-10.)

McKenna's application to the County required her to submit a Fire Protection Plan ("FPP") and for the district fire department to review the proposed plan. (FAC ¶ 11.) McKenna started communicating with the Fire Protection District regarding her application shortly after her TPM submission. (Id. ¶ 12.) On November 29, 2005, she submitted her FPP to the Fire Protection District. On December 6, 2005, the FPP was approved by Fire Marshal Wadlington. (Id. ¶ 13-14.) The FPP was again approved by the Fire Protection District through Fire Marshal Larsen a second time on April 17, 2006. (Id. ¶ 14.) On August 4, 2006, based on the Fire Protection District's recommendations, the County of San Diego also approved the FPP. (Id. ¶ 15.)

On October 21, 2007, San Diego County experienced horrific wildfires resulting in mandatory evacuations of approximately 500,000 people and death of fifteen people, closure of businesses, government offices, including the courts, and many major roads.[1] San Diego Wildfires 2007, http://legacy.signonsandiego.com/news/metro/wildfires/index.html (last visited

---

[1] The Court takes judicial notice of these facts. See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 699 (noting the Court can take judicial notice of matters of public record that is not subject to reasonable dispute).

1  October 26, 2010).

2  On October 30, 2007, the County withdrew their initial approval of the FPP due to
3  concerns that there was no secondary access for the property in case of fire emergencies.
4  (FAC ¶ 17.) McKenna met with Fire Chief Dawson and Fire Marshal Larsen on November
5  5, 2007 to discuss the requirement for secondary access. Plaintiff claims that they told her they
6  would allow her to propose a "same practical effect" alternative. (Id. ¶ 18.) During
7  McKenna's development of her plan to satisfy the safety concerns of the County, she
8  experienced several actions by the Fire Protection District that delayed her project and
9  allegedly harmed her. Among her various complaints, McKenna claims she was denied her
10 initial request for gates for her proposed secondary road, causing her to file an appeal with the
11 Fire Protection District board. (Id. ¶ 24.) Around October 12, 2008, McKenna claims she
12 received an insufficient response to a Public Records Act request with the Fire Protection
13 District and learned more information from the public records when released to her. (Id. ¶ 29.)
14 She alleges that her appeal was scheduled to be on the Fire Protection District Board's agenda
15 for November 13, 2008 but she was not told about the meeting. (Id. ¶ 30.) McKenna also tried
16 to have Fire Marshal Larsen removed from her case. (Id. ¶ 31.) The Fire Chief denied the
17 request in her case, but McKenna alleges that a similar request was granted in at least one other
18 case. (Id. ¶¶ 32-34.)

19 Despite these events, the Fire Protection District Board heard her appeal on August 13,
20 2009. (FAC ¶ 35.) By a vote of 4-2, the Board granted her appeal and accepted her suggested
21 same practical effect alternative for her fire protection plan. (Id.)

22 **Discussion**

23 **I.    Motion to Dismiss Pursuant to 12(b)(6)**

24 A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests
25 the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729,
26 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating
27 a claim for relief contain "a short and plain statement of the claim showing that the pleader is
28 entitled to relief." The function of this pleading requirement is to "give the defendant fair

1  notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v.
2  Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion
3  to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the
4  'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
5  formulaic recitation of the elements of a cause of action will not do." Id.  A complaint does
6  not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"
7  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual
8  allegations must be enough to raise a right to relief above the speculative level." Twombly,
9  550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp.
10 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the
11 light most favorable to plaintiff.  However, conclusory allegations of law and unwarranted
12 inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein
13 v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

**II.   Substantive and Procedural Due Process Claims**

15       Plaintiff McKenna's first cause of action arises under 42 U.S.C. § 1983 for violations
16 of her substantive and procedural due process rights. (FAC ¶¶ 45-49.) McKenna's allegations
17 center around events that started with the Fire Protection District's alleged failure to require
18 a secondary access road as a condition for approval of her subdivision application and ended
19 with the Fire Protection District's alleged failure to obtain a neutral and independent third
20 party review for McKenna's appeal.  (FAC ¶ 46.)

21       Title 42 U.S.C. § 1983 creates a "private right of action against individuals who, acting
22 under color of state law, violate federal constitutional or statutory rights." Deveraux v. Abbey,
23 263 F.3d 1070, 1074 (9th Cir. 2001). To state a claim under § 1983, Plaintiff must show that
24 Defendant "(1) [was] acting under color of state law, and (2) deprived [Plaintiff] of a right,
25 privilege, or immunity secured by the Constitution or laws of the United States." Kildare v.
26 Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).

27       Due process confers both substantive and procedural due process rights. United States
28 v. Salerno, 481 U.S. 739, 746 (1987).  Substantive due process requires a showing of

governmental action which deprives the plaintiff of a life, liberty or property interest which may not be deprived regardless of the procedure employed. Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 846-50 (1992). Procedural due process requires a showing of (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1990).

### A. Property Interest

"A threshold requirement of a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." Wedges, Ledges of Cal., Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 62 (9th Cir. 1994) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972)). To have a property interest, a person must have more than "an abstract need or desire." Nunez v. City of Los Angeles, 147 F.3d 867, 872 (9th Cir. 1998) (citing Roth, 408 U.S. at 577). The plaintiff must have a "legitimate claim of entitlement" to the property interest, and a "mere unilateral expectation" of a benefit is insufficient. Id.

Plaintiff McKenna fails to specifically allege the deprivation of any cognizable property interest. She does not allege that she has a property right in the approval of her subdivision application. Plaintiff instead alleges broadly that she had a right to fair and equal dealing by the Fire Protection District in her various interactions with them but fails to cite any legal support for why those rights are protectable under due process. Moreover, "[t]here is no general liberty interest in being free from capricious government action." Nunez, 147 F.3d at 873. The federal courts are not a "good-government watchdog" and are not the right forum to review every day-to-day decision by the government. Id.; see also Bishop v. Wood, 426 U.S. 341, 349 (1976) ("We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error."). Ensuring that there is secondary access to a property in case of a fire emergency in Southern California is a valid governmental concern and not every delay or misstep in ensuring a safe

plan is actionable under the Constitution.

### B. Substantive Due Process

Even if there was a property right asserted which is protectable under the Constitution, the violations alleged do not warrant protection under substantive due process. Only conduct that "shocks the conscience" will violate substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998). Conduct that "shocks the conscience" at the very least must be done with "deliberate indifference." Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008). In cases involving land use, government conduct must be shown to serve no legitimate governmental purpose and be arbitrary and irrational. North Pacifica LLC v. City of Pacifica, 526 F.3d 478 (9th Cir. 2008).

Plaintiff has failed to allege conduct by Defendant that states a substantive due process claim. The Court concludes that the Fire Protection District's actions fall short of being constitutionally arbitrary or irrational in the planning process.

### C. Procedural Due Process

Likewise, even if there is a property right asserted that may be the basis for a due process claim, the allegations fall short of a procedural due process violation. Procedural due process requires a showing of (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Thompson, 490 U.S. at 460. Plaintiff has failed to allege how she was deprived of a constitutionally protected property interest or that she was denied procedural protections. Most of Plaintiff's FAC alleges that individuals working for the Fire Protection District took actions that prolonged the review of her application, causing the Plaintiff to suffer damages because of delays in the process. The Fire Protection District provided her with a procedure to appeal to the Board and approved her plan after her appeal. These contentions do not support a federal procedural due process claim.

### D. Liability of the Fire Protection District under *Monell*

A municipality can only be held liable under § 1983 for its employees' actions that violate constitutional rights through a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dept. of Social

Services, 436 U.S. 658, 690 (1978). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986). Municipal liability can be found in one of three ways: (1) an official policy adopted by the municipality, (2) a violation that was committed pursuant to "longstanding practice or custom." or (3) when the person causing the violation has "final policymaking authority." Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003). Municipal liability cannot, however, be founded on a respondeat superior theory. Monell, 436 U.S. at 691; see also Webb, 330 F.3d at 1163-64.

Plaintiff McKenna does not allege in her FAC that the actions of the Fire Protection District's employees were pursuant to any official policy. She also does not allege that the actions were committed pursuant to custom. Finally, she also does not allege that any of the Fire Protection District employees were official policymakers.

In sum, the FAC fails to allege a cause of action under 42 U.S.C. § 1983. Accordingly, the Court GRANTS Defendant Fire Protection District's motion to dismiss the cause of action under § 1983.

**III.  Negligence**

In addition to the federal 42 U.S.C. § 1983 claim, Plaintiff alleges a state law claim for negligence. The case was filed in federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the § 1983 claim. (FAC ¶ 2.) The state law claim for negligence is before this court under supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[2] (Id.)

A district court may decline to exercise supplemental jurisdiction over a claim under 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court has dismissed the federal cause of action giving rise to this Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over the negligence claim. Accordingly, the Court GRANTS

---

[2]Though the FAC alleges supplemental jurisdiction under § 1337, this section does not deal with supplemental jurisdiction.

Defendant Fire Protection District's motion to dismiss the cause of action for negligence.

**IV.     Motion to Dismiss Pursuant to 12(b)(1) for Lack of Subject Matter Jurisdiction**

Defendant moves to dismiss on ripeness grounds for lack of subject matter jurisdiction under Rule 12(b)(1). Federal courts are courts of limited jurisdiction and the Article III case or controversy clause limits the courts' subject matter jurisdiction. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115 (9th Cir. 2010). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir.2001) ("A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.").

Unripe claims are subject to dismissal for lack of subject matter jurisdiction. Ass'n of Am. Med. Colleges v. United States, 217 F.3d 770, 784 n.9 (9th Cir. 2000). In determining whether a case is ripe for review, a court must consider two issues: (1) "the fitness of the issues for judicial decision," and (2) "the hardship to the parties of withholding court consideration." Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967). "The 'central concern [of the ripeness inquiry] is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Richardson v. City and County of Honolulu, 124 F.3d 1150, 1160 (9th Cir.1997).

Here, the parties dispute whether the case is ripe for review. In light of the Court's decision to dismiss the first amended complaint based on Federal Rule of Civil Procedure 12(b)(6), the Court denies the 12(b)(1) motion as moot.

### Conclusion

After due consideration, the Court GRANTS Defendant Fire Protection District's motion to dismiss the first amended complaint on all claims asserted against it without prejudice. As discussed in the hearing, the Court grants the Plaintiff 30 days from the date of

this order to amend to cure the deficiencies—if she can—in the complaint. Absent a viable federal claim, the Court declines to exercise supplemental jurisdiction over this matter. Finally, as requested by Plaintiff's counsel in the hearing, the Court permits the parties to schedule a conference with the magistrate judge in advance of any early neutral evaluation hearing.

**IT IS SO ORDERED.**

DATED: October 27, 2010

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT